19-4176
Mendoza-Ventura v. Garland

BIA
Prieto, IJ
A205 701 602

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand twenty-two.

PRESENT:
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
RICHARD J. SULLIVAN,
*Circuit Judges.*

_____

ALCIDES MENDOZA-VENTURA,
*Petitioner,*

v.                                                           19-4176
                                                             NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Paige Austin, Esq., Make the Road
                         New York; Andrea A. Sáenz,
                         Brooklyn Defender Services,
                         Brooklyn, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General;
                         Anthony P. Nicastro, Assistant

Director; Sherease Pratt, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Alcides Mendoza-Ventura, a native and citizen of Honduras, seeks review of a November 27, 2019 decision of the BIA, affirming a June 10, 2019 decision of an Immigration Judge ("IJ") denying Mendoza-Ventura's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Alcides Mendoza-Ventura,* No. A205 701 602 (B.I.A. Nov. 27, 2019), *aff'g* No. A205 701 602 (Immig. Ct. N.Y. City June 10, 2019). In the time since the agency's order was entered and this petition was filed, this court granted a temporary stay of removal, Dkt. 37 (Apr. 2, 2020), and then denied a further stay, Dkt. 78 (May 6, 2020). Mendoza-Ventura was then removed from the United States. We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the adverse credibility determination that the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings for substantial evidence, *see* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and questions of law de novo, *see Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

To establish eligibility for withholding of removal, an applicant must show past persecution or a likelihood of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b); 8 U.S.C. § 1231(b)(3)(A). The agency did not evaluate whether Mendoza-Ventura was harmed because of his anticorruption political opinion, and thus too hastily concluded that he failed to demonstrate that the persecution he suffered was on account of a protected ground. *See Hernandez-Chacon v. Barr*, 948 F.3d 94, 103-05 (2d Cir. 2020) ("We have held[] . . . that resisting corruption and abuse of power -- including non-governmental abuse of power -- can be an expression of political

opinion."); *Castro v. Holder*, 597 F.3d 93, 100, 103 (2d Cir. 2010) ("[P]ersecutors may have mixed motives, and an asylum applicant need not demonstrate that a protected ground was the exclusive reason for persecution, for the plain meaning of the phrase 'persecution on account of the victim's political opinion,' does not mean persecution *solely* on account of the victim's political opinion." (some internal quotation marks and brackets omitted)).

Contrary to the Government's argument, the IJ's mere recognition that Mendoza-Ventura raised an anticorruption political opinion claim and its restatement of Mendoza-Ventura's testimony that he reported corruption does not cure the agency's failure to analyze that claim. *See Hernandez-Chacon*, 948 F.3d at 103-05; *Castro*, 597 F.3d at 103-07. We may not consider the Government's argument in its brief that Mendoza-Ventura failed to show that the corruption he opposed was endemic rather than an isolated act because the agency did not provide that reasoning as a basis for its decision. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007); *Singh v. U.S. Dep't of Justice*, 461 F.3d 290, 294 n.3 (2d Cir. 2006).

In light of the agency's determination that Mendoza-Ventura's past harm rose to the level of persecution, a finding that such persecution occurred on account of his anticorruption political opinion would entitle him to a presumption of future persecution and would shift the burden to the Government, requiring it to rebut that presumption. 8 C.F.R. § 1208.16(b)(1)(i), (ii). Accordingly, we remand for the agency to undertake that analysis.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5